UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,       )
                                )
              Plaintiff,         )
                                )
v.                              )       No.:   3:17-CR-91-TAV-DCP-17
                                )
TABITHA C. TAYLOR,              )
                                )
              Defendant.         )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's second counseled motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A) [Sealed Doc. 829] The government has responded in opposition [Doc. 830] and defendant has replied [Doc. 831]. Thereafter, defendant supplemented her motion [Sealed Doc. 864] and the government filed a supplemental response [Doc. 871]. For the reasons set forth more fully below, defendant's motion [Sealed Doc. 829] is **DENIED**.

## I.      Background

On December 15, 2017, defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Docs. 157, 188]. Defendant was sentenced to 170 months' imprisonment, to be followed by 10 years of supervised release [Doc. 656]. Defendant is presently scheduled for release on November 26, 2028. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 13, 2026).

## II.     Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute."  *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).  The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018).  Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons.  Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in § 3553(a) to the extent that they are applicable" if it finds:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

2

*Id.* Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 109].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct.

3

13, 17 (2017)).  The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture.  *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government appears to concede that defendant has exhausted his administrative remedies [Doc. 110, p. 7]   Accordingly, the Court will proceed to evaluate defendant's compassionate release request according to the three-step test explained above.

### B.      Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the United States Court of Appeals for the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).  This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf.  *Id.* at 1109–10; *see also* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2023).  It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to

4

inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A)."). However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(1)–(6) (U.S. SENT'G COMM'N 2025).

## 1.    COVID-19 Risk

Defendant's primary ground for seeking compassionate release is her contention that her medical conditions increase her risk of suffering severe symptoms if she contracts COVID-19 [Sealed Doc. 829].  Defendant specifically states that she is 52 years old and suffers from type 2 diabetes, hypertension, asthma, and severe obesity [*Id.* at 3].  And, in her supplement, defendant states that she also suffers from heart palpitations, lightheadedness, feeling like her heart is racing, third-degree hemorrhoids and a rectal polyp, mobility issues, and needs an eye exam and new glasses [Sealed Doc. 864, p. 2].

The amended policy statement provides that the following may be extraordinary and compelling reasons for release:

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is—

  (i)    suffering from a serious physical or medical condition,

  (ii)   suffering from a serious functional or cognitive impairment, or

  (iii)  experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and

6

without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

Although her motion was filed before the amendment to the Guidelines, defendant's motions is best construed as proceeding under § 1B1.13(b)(1)(D), as she does not indicate that she is suffering from a terminal illness, a condition that limits her ability to provide self-care, or a condition causing serious deterioration [*See* Sealed Doc. 829, Sealed Doc. 864].

Under the final subsection of § 1B1.13(b)(1), defendant's health issues may be extraordinary and compelling grounds for release when combined with the increased risk of contracting, or becoming severely ill from, COVID-19; however, defendant has not adequately established all three requirements of § 1B1.13(b)(1)(D). First, defendant has not established that she is housed at a correctional facility affected by an ongoing outbreak of COVID-19. Indeed, records indicate that defendant is now listed as being located in the

7

Nashville Residential Reentry Management ("RRM") field office. Federal Bureau of Prisons' Inmate Locator, www.bop.gov/inmateloc// (last accessed May 13, 2026). In other words, defendant is now located at a residential reentry center, sometimes referred to as a "halfway house," rather than a prison facility. Accordingly, it does not appear that defendant is housed at a correctional facility with an ongoing or imminent COVID-19 outbreak.

Moreover, the Sixth Circuit has previously held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Defendant's medical records indicate that she received a two-dose course of the COVID-19 vaccination, and an additional booster shot [Sealed Doc. 829-1, p. 57]. Therefore, given defendant's access to the COVID-19 vaccine, the Court does not find that defendant's risk of severe medical complications associated with contracting COVID-19 cannot be adequately mitigated in a timely manner. Accordingly, defendant has not established that medical circumstances constitute an extraordinary and compelling ground for release.

Defendant's medical circumstances, pursuant to U.S.S.G. § 1B1.13(b)(1), do not rise to the level of an extraordinary and compelling reason warranting compassionate release.

8

### 2. Change in Law

Although her motion primarily relies upon her risk of contracting COVID-19, defendant additionally alleges that a change in law that would alter the calculation of her guidelines if sentenced today supports her request [Sealed Doc. 829, pp. 10–11]. Section 1B1.13(b)(6) of the amended policy statement provides that non-retroactive changes in law can constitute an extraordinary and compelling reason for release under certain conditions. *See* U.S.S.G. § 1B1.13(b)(6). However, in April 2025, the Sixth Circuit invalidated section 1B1.13(b)(6). *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025). Based in part on the United States Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which reduced the interpretive deference afforded to agencies, the Sixth Circuit determined that the Commission "overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." *Id.* at 430, 440–41; *see also Moctezuma-Reyes v. Garland*, 124 F.4th 416, 420 (6th Cir. 2024) (clarifying when courts should independently interpret statutes).

In reaching its conclusion, the *Bricker* majority clarified that the Sixth Circuit's decision in *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc), which predates the amended policy statement, remains the law of this Circuit. In contrast to the policy statement contained in § 1B1.13(b)(6), the *McCall* court held that the fact "that a defendant might receive a different sentence today than he received years ago represents the routine business of our legal system" and "cannot supply an extraordinary and

9

compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law." *Id*. at 1065. In other words, because *Loper Bright* reduced courts' deference to Commission policy statements, and the *Bricker* majority held that § 1B1.13(b)(6) is "plainly unreasonable," "we [are] bound by *McCall*'s views on the plain meaning of 'extraordinary and compelling.'" *Bricker*, 135 F.4th at 440–41 (citing *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017)).

At present, *Bricker* is binding precedent in this circuit, and the Court is bound by controlling circuit precedent. *See Hollis v. Erdos*, 480 F. Supp. 3d 823, 831–32 (S.D. Ohio 2020). Because, under *Bricker*, § 1B1.13(b)(6) has been invalidated and non-retroactive changes of law cannot constitute an extraordinary and compelling reason for release, the Court finds that defendant's arguments regarding a change in law do not constitute an extraordinary and compelling ground warranting release.[1]

## IV. Conclusion

For the reasons set forth more fully above, defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) [Sealed Doc. 829] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that a petition for certiorari has been filed from the Sixth Circuit's Bricker decision, and that petition remains pending with the Supreme Court. The Court finds it inappropriate to delay ruling on this pending motion until that matter is resolved. *See Webb v. Spectrum Southeast, LLC*, No. 2:24-cv-7, 2024 WL 4446986, at *1 (E.D. Tenn. Oct. 8, 2024) (noting that "[t]his Court has an obligation to ensure that cases do not languish on its docket." (internal quotation marks omitted)). However, to the extent that any future change in the law invalidates the Sixth Circuit's *Bricker* decision, defendant remains free to file a renewed motion on that ground.